# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9096 | **DATE** | 11/26/12 |
| **CASE TITLE** | United States of America ex rel. Michael Gardner vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

Petitioner's objection (Dkt. No. 8), is granted in part, and denied, in part. The Court amends the 11/15/12 order (Dkt. No. 7) to a dismissal for failure to exhaust an available state court remedy. The case remains closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pro se Petitioner Michael Gardner brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of driving under the influence in the Circuit Court of Cook County and sentenced to twenty four months of conditional discharge on March 22, 2010. His habeas corpus petition was filed in-person at the Clerk's Office on November 13, 2012. In light of the in-person filing and that it was more than twenty-four months since the imposition of the sentence, the Court concluded that it lacked jurisdiction to hear the habeas corpus petition because petitioner was not in custody when he filed the petition. (Dkt. No. 7). The Court dismissed the case on that ground.

     Petitioner has brought what he entitles as an objection to the dismissal. (Dkt. No. 8). This is actually a Rule 59(e) motion to amend the original dismissal. To obtain relief, petitioner must demonstrate a manifest error of law or fact, or present new facts that were not available at the time of the dismissal. *Boyd v. Tornier*, 656 F.3d 487, 492 (7th Cir. 2011).

     Petitioner's present filing explains that he is still in custody because the Cook County Social Services Department extended the conditional discharge until December 8, 2012. Thus, petitioner has invoked the Court's subject matter jurisdiction by claiming that he was in a form of custody when he filed the habeas corpus petition. *See Virsnieks v. Smith*, 521 F.3d 707, 717-18 (7th Cir. 2008) (explaining that individual is custody in the community when there is a significant restraint on his liberty such as being on parole).

     Despite properly invoking the Court's jurisdiction, the case must still be dismissed, but on different grounds. Petitioner explains that his post conviction petition was denied by the Illinois state trial court on October 5, 2012. (Dkt. No. 8 at 3). There are a number of claims petitioner is litigating on his postconviction proceedings that he also asserts in the present habeas corpus petition. The exhaustion requirement mandates that he raises these claims through a full round of appeals in the state courts including in a petition for leave to appeal to the Supreme Court of Illinois. *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). As the state trial court postconviction dismissal occurred a little over a month ago, the state

| STATEMENT |
|---|
| appellate process is presently available to petitioner. The case must dismissed for failure to exhaust the claims through the available state court remedy. |